IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,132-01




EX PARTE MARTIN TERRAZAS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2804-A IN THE 121ST DISTRICT COURT
FROM YOAKUM COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest
or detention with a vehicle and sentenced to two years’ imprisonment. He did not appeal his
conviction.
            Applicant contends that trial counsel failed to advise him of the deportation consequences
of his guilty plea. After holding an evidentiary hearing, the trial court concluded, among other
things, that counsel was not ineffective. We believe that the record is not sufficient to resolve
Applicant’s claim.
            Applicant has alleged facts that, if true, might entitle him to relief. Padilla v. Kentucky, 559
U.S. 356 (2010); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may order trial counsel to respond a second time to Applicant’s claim. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a second hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the
hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make further findings of fact and conclusions of law and determine
whether Applicant’s conviction is an “aggravated felony” for deportation purposes and whether this
was clear from federal case law. Assuming that counsel’s conduct was deficient, the trial court shall
also determine whether Applicant would have pleaded not guilty and insisted on a trial. Hill v.
Lockhart, 474 U.S. 52 (1985). The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: April 16, 2014
Do not publish